**WILLIAMSON SHAFT CONTRACTING CO., INC., Plaintiff,**

v.

**UNITED MINE WORKERS OF AMERICA 1974 PENSION PLAN, Defendant.**

**Civ. A. No. 84–1376.**

United States District Court, W.D. Pennsylvania.

June 12, 1984.

---

William P. Getty, Meyer, Unkovic & Scott, Pittsburgh, Pa., for plaintiff.

Jack W. Plowman, Jeffrey J. Bair, Plowman & Spiegel, Pittsburgh, Pa., Robert P. Gallagher, Groom & Nordberg, Chartered, Washington, D.C., for the Plan.

## OPINION

WEBER, District Judge.

Plaintiff sues for a declaratory judgment under 28 U.S.C. 2201 in a matter over which this court has jurisdiction pursuant to the Employee Retirement Security Act (ERISA) as amended by the Multiemployer Pension Plans Amendment Act (MPPAA), 29 U.S.C. 1451(a)(1) and (c). We find venue proper in this court.

In the declaratory judgment action Plaintiff seeks a determination of the meaning of the statutory term "facility" as it appears in the MPPAA, 29 U.S.C. 1397(a)(2), because it alleges that the definition of that term as applied to Plaintiff's operations will determine the amount of withdrawal liability that is now in dispute between them. This dispute has already proceeded to the arbitration stage provided for in the Act, 29 U.S.C. 1401(a)(1), and also to a civil action filed by Defendant Plan against Plaintiff in the United States District Court for the District of Columbia, seeking judgment for the interim withdrawal liability payments claimed by the Plan to be due from Plaintiff, and for injunctive orders requiring Plaintiff to make such payments when they become due.

An arbitrator has been selected and the arbitration has been set to begin June 18, 1984. The matter immediately before the court is Plaintiff's Motion accompanying the complaint for preliminary injunctive relief in the form of a stay of the arbitration proceedings pending the declaration by this court of the meaning of the statutory term "facility". The interpretation of that term is alleged to be critical in determining the amount of liability Plaintiff may owe to Defendant.

The court set the motion for early hearing, a response and briefs were filed, testimony taken and oral arguments were heard.

In Plaintiff's demand for arbitration it raised the same issues that it had requested review before the Plan; whether it had permanently ceased operations; its relationship to another company that had not ceased operations as a bar to a determination that it has ceased operations; Plaintiff's permanent cessation of operations of certain separate "facilities" prior to the effective date of MPPAA; and the correctness of the actuarial assumptions used to calculate liability. Plaintiff also raised before the arbitrator the legality and constitutionality of certain provisions of ERISA.

Only the question of the definition of "facilities" raised before the arbitrator is raised in the present declaratory judgment action.

Plaintiff alleges that the issue raised is solely one of statutory interpretation of the term "facilities" which is not a proper function of the arbitrator, and that therefore it is not required to exhaust the statutory remedy of arbitration. Some courts have so held in general terms, generally qualifying the holding by the term "*solely* one of statutory interpretations." *See, Refined Sugars, Inc. v. Local 807 Labor-Management Pension Fund*, 580 F.Supp. 1457 (S.D.N.Y.1984). The rationale of the decision is that decisions of statutory interpretation do not require any particular expertise which is the usual distinguishing characteristic of the administrative process. In other words, why use an arbitrator when any run-of-the-mill district judge can figure it out. Thank you Judge Lasker, but I need all the help that I can get.

It is hard for me to envision what is solely a matter for statutory interpretation

without reference to facts. Philosophers may be able to do this, but not this court. In *Republic Industries, Inc. v. Teamsters Joint Council No. 83 of Virginia Pension Fund,* 718 F.2d 628 (4th Cir.1983), the court held that the issue of whether two separate trucking terminals were separate facilities and whether one closed prior to the effective date of the Act were mixed questions of law and fact and must be submitted to arbitration under the provisions of MPPAA.

The statutory scheme of arbitration is elaborate and calls for findings of fact by the arbitrator as a basis for later judicial review.

The Court of Appeals for the Third Circuit has noted the dangers of judicial avoidance of the Congressional scheme of arbitration as an incursion on the separation of powers doctrine. *See, Republic Industries, Inc. v. Central Pennsylvania Teamsters Pension Fund,* 693 F.2d 290, 293. Nevertheless, after reviewing the exceptions to the exhaustion doctrine which it stated should be applied narrowly and only in the most exceptional cases, it found that staying arbitration was proper where there was an assertion that the withdrawal liability provisions of MPPAA were on their face unconstitutional as opposed to the unconstitutional application of legislation to particular facts. Arbitration in that case, could in no way aid in that judicial determination. Otherwise, the Court of Appeals re-affirmed that arbitration under ERISA is part of the necessary exhaustion doctrine intended by Congress.

Plaintiff's motion must be denied on equitable principles because there is no proof of irreparable injury. The only suggestion of such was Plaintiff's continuing liability for the interim installment payments on the Plan's withdrawal liability assessment. However, this would not be avoided by a stay. In *Central Pennsylvania Teamsters Pension Fund,* the Court particularly noted at 693 F.2d at p. 298:

> Our decision, therefore, does not relieve Republic of its obligation to either make interim payments to the Fund or...oth-

erwise ensure that such payments will be made to the Fund should litigation be resolved in the Fund's favor.

Staying arbitration of all issues would not promote judicial economy. Other issues are raised before the arbitrator than those raised in this declaratory judgment action. The public interest, as embodied in the statutory scheme of ERISA and MPPAA and the intent of Congress, requires that the arbitration go forward to ensure the speedy determination and collection of withdrawal liability. Judicial review of the arbitrator's decision is available and must be promptly sought. A stay of imminent arbitration while a newly filed lawsuit is prepared and brought to trial would certainly delay the final disposition of this dispute with further attendant risks of collection of the liability ultimately found.